IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, STATE OF FLORIDA
CIVIL DIVISION

MATTHEW DABDOUB,

      Plaintiff,

                                         Case No.     2025-005427-CA-01

vs.

AMAZON.COM SERVICES LLC; AMAZON.COM, INC.;
AMAZON LOGISTICS, INC. d/b/a AMAZON GLOBAL
LOGISTICS; GOLDEN STATE FC, LLC; FUZHOU FEIWO
TRADING COMPANY, LTD; and ELENKERWALKER.COM;

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MATTHEW DABDOUB, by and through his counsel of record

herein, and hereby sues Defendants, AMAZON.COM SERVICES LLC, AMAZON.COM, INC.,

AMAZON LOGISTICS, INC. d/b/a AMAZON GLOBAL LOGISTICS; GOLDEN STATE FC,

LLC, FUZHOU FEIWO TRADING COMPANY, LTD, and ELENKERWALKER.COM, and

alleges as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1.     This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

2.     The Plaintiff, MATTHEW DABDOUB, at all times relevant and material hereto,

was a resident of Miami-Dade County, State of Florida.

3.     At all times material hereto, Defendant, AMAZON.COM SERVICES LLC

("AMAZON SERVICES") was a foreign business entity, duly formed in Delaware, who is

authorized to conduct business in Florida, including Miami-Dade County, Florida, wherein it

maintains an agent and other representatives, as well as offices for the transaction of its customary

business. Defendant AMAZON SERVICES maintains approximately 85 facilities throughout

Florida, maintains key executives within Florida, makes critical business decisions from its Florida holdings and its primary administrative functions are performed from its Florida holdings. As such, Defendant AMAZON SERVICES's "nerve center" is located within Florida.

4. At all times material hereto, Defendant, AMAZON.COM, INC. ("AMAZON.COM") was a foreign business entity, duly formed in Delaware, who is authorized to conduct business in Florida, including Miami-Dade County, Florida, wherein it maintains an agent and other representatives, as well as offices for the transaction of its customary business.

5. At all times material hereto, Defendant, AMAZON LOGISTICS, INC. d/b/a AMAZON GLOBAL LOGISTICS ("AMAZON LOGISTICS") was a foreign business entity, duly formed in Delaware, who is authorized to conduct business in Florida, including Miami-Dade County, Florida, wherein it maintains an agent and other representatives, as well as offices for the transaction of its customary business.

6. At all times material hereto, Defendant, GOLDEN STATE FC, LLC ("GOLDEN STATE") was a foreign business entity, duly formed in California, which operates fulfillment centers for Defendants, AMAZON SERVICES, AMAZON.COM and AMAZON LOGISTICS, that ships products to customers within Florida, including Miami-Dade County, Florida.

7. At all times material hereto, Defendant, FUZHOU FEIWO TRADING COMPANY, LTD ("FUZHOU") was a foreign business entity authorized to conduct business in Florida with its principal address at 1885 Vineyard Avenue, Ste. 3, Ontario, CA 91761.

8. At all times material hereto, Defendant, ELENKERWALKER.COM was a foreign business entity authorized to conduct business in Florida with its principal address at 1885 Vineyard Avenue, Ste. 3, Ontario, CA 91761.

9. Without offending notions of due process, this Court has *in personam* jurisdiction over all Defendants, and each of them, because they, either individually or through their agents,

have purposefully availed themselves of the privilege of conducting business activities within Florida, thus purposefully establishing more than minimum contracts therewith by those acts, including:

(a)     Transacting business within Florida, such as engaging in the marketing, supply, distribution, and sale of durable medical equipment including the ELENKER Steerable Knee Walker with 10" Front Wheels that is the subject of Plaintiff's Complaint (the "Subject Knee Scooter");

(b)     Committing a tortious act or omission with Florida, such as the marketing, supply, distribution, and sale of defective ELENKER Steerable Knee Walkers with 10" Front Wheels, including the Subject Knee Scooter;

(c)     Committing a tortious injury in Florida caused by an act or omission outside of Florida while Defendants regularly did business or solicited business, or engaged in any other persistent course of conduct, or derived revenue from goods used or consumed or services rendered in Florida such as engaging in the design, manufacture, licensing, importation, marketing, supply, distribution, and sale of ELENKER Steerable Knee Walkers with 10" Front Wheels in Florida and throughout the United States of America, including the Subject Knee Scooter; and

(d)     Conducting and engaging in substantial business and other activities in Florida by advertising, manufacturing, selling and distributing consumer products including ELENKER Steerable Knee Walkers with 10" Front Wheels, including the Subject Knee Scooter.

10.     Venue is proper in this judicial district pursuant to Florida Statutes section 47.011 and 47.051 as the Defendants transact business in this district.

## GENERAL ALLEGATIONS

### The Manufacturer/Seller Defendants

11. Upon information and belief, at all material times, Defendants', FUZHOU and ELENKERWALKER.COM (collectively "the MANUFACTURER/SELLER Defendants"), business activities included developing, designing, licensing, manufacturing, distributing, marketing, and selling durable medical equipment, including a knee scooter sold as the ELENKER Steerable Knee Walker with 10" Front Wheels.

12. Knee scooters may be used to assist individuals recovering from injuries or surgeries to the lower leg, ankle or foot. A knee scooter allows the user to move around without bearing weight on the lower leg, ankle or foot. The user rests the bent knee of the impaired leg on a knee cushion while using the healthy leg to propel the scooter.

13. Upon information and belief, MANUFACTURER/SELLER Defendants entered into a business solutions agreement (BSA) with Defendant AMAZON SERVICES which permits them to market and sell durable medical products, including the ELENKER Steerable Knee Walker with 10" Front Wheels on Defendant AMAZON.COM's website amazon.com.

14. Upon information and belief, MANUFACTURER/SELLER Defendants entered into an agreement with Defendant AMAZON LOGISTICS for the transportation, importation, and storing of durable medical products, including the ELENKER Steerable Knee Walker with 10" Front Wheels, from China into the United States for the sole purpose of selling said products through the BSA with Defendant AMAZON SERVICES through Defendant AMAZON.COM's website amazon.com.

15. Upon information and belief, MANUFACTURER/SELLER Defendants through its agreements with Defendants, AMAZON SERVICES, AMAZON.COM and AMAZON LOGISTICS (collectively "the AMAZON Defendants") entered into an agreement with Defendant

4

GOLDEN STATE to utilize its fulfillment centers within California to receive the MANUFACTURER/SELLER Defendants durable medical products, including the ELENKER Steerable Knee Walker with 10" Front Wheels, from China for the sole purpose of placing these products into the stream of commerce through the website amazon.com for sale to customers, including Plaintiff.

16.     Upon information and belief, MANUFACTURER/SELLER Defendants licensed, sold, supplied, or otherwise distributed the ELENKER Steerable Knee Walker with 10" Front Wheels to Defendant AMAZON SERVICES so that the knee scooter could be marketed, distributed, sold, packaged, shipped, and delivered to customers through Defendant AMAZON.COM's website.

17.     In anticipation of such sales, the AMAZON Defendants stored the knee scooters in warehouses owned and/or controlled by the AMAZON Defendants and Defendant GOLDEN STATE.

**The Role of Defendants AMAZON SERVICES, AMAZON.COM, AMAZON LOGISTICS and GOLDEN STATE in the Chain of Production and Distribution of the Subject Knee Scooter**

18.     At all times material hereto, Defendant AMAZON SERVICES was engaged in the business of marketing, distributing, and selling products through Defendant AMAZON.COM's website, amazon.com. Amazon.com is an online superstore that serves shoppers throughout the world.

19.     There are more than a billion different products for sale on amazon.com. To navigate its product catalog, Defendant AMAZON.COM offers a search bar. When shoppers enter a search using an internet browser or a dedicated shopping application ("mobile app") on an internet-connected device, the systems generate a "Search Results Page" that displays product

listings interspersed with advertisements.  Product listings on the Search Results Page typically show a name, picture, price, star rating, shipping speed estimate, and Prime status for each item.

20.     At all times material hereto, Defendants AMAZON SERVICES and AMAZON.COM marketed and made available for purchase the ELENKER Steerable Knee Walker with 10" Front Wheels through amazon.com.

21.     At all times material hereto, MANUFACTURER/SELLER Defendants marketed and made available for purchase the ELENKER Steerable Knee Walker with 10" Front Wheels via amazon.com.

22.     At all times material hereto, Defendants AMAZON SERVICES and AMAZON.COM sought to provide its customers, including Plaintiff, with assurances that the products offered on its website by third party sellers were safe. They also promoted that MANUFACTURER/SELLER Defendants were US based sellers. Plaintiff is informed and believes that Defendants', AMAZON SERVICES AND AMAZON.COM, contractual relationship with its third party sellers, including MANUFACTURER/SELLER Defendants is governed by the business solutions agreement (BSA), which Defendant AMAZON SERVICES requires all third party sellers to accept.  Under the BSA, a third-party seller must represent that it is a duly organized business existing in good standing and will comply with all applicable laws.

23.     Defendants AMAZON SERVICES AND AMAZON.COM provide their customers, including Plaintiff, with an "A-to-z Guarantee" for purchases made on its website.  The A-to-z Guarantee provides, "The A-to-z Guarantee protects you when you buy items sold and fulfilled by a third-party seller.  It covers both the timely delivery and condition of your items." The A-to-z Guarantee covers defective products sold by third party sellers on the amazon.com website.

24.     Plaintiff is informed and believes that MANUFACTURER/SELLER Defendants participated in Defendants', AMAZON SERVICES AND AMAZON.COM, "Fulfilled by Amazon" (FBA) program.  Defendants AMAZON SERVICES AND AMAZON.COM offer the FBA program to sellers who utilize its website whereby Defendants AMAZON SERVICES AND AMAZON.COM prepare items made available for purchase on amazon.com by third party sellers for shipping and ships the items to "fulfill" online orders. Defendants AMAZON SERVICES AND AMAZON.COM utilize Defendants', AMAZON LOGISTICS and GOLDEN STATE, services, resources, vendors and fulfillment centers as part of the FBA program.

25.     In return for the services provided by the FBA program, Defendants AMAZON SERVICES AND AMAZON.COM "own" the customer.  This means that Defendants AMAZON SERVICES AND AMAZON.COM own and control the relationship with the buyer, the company supplying products to the FBA program does not.

26.     Defendants AMAZON SERVICES AND AMAZON.COM do not contact the seller for approval of the purchase; Defendants AMAZON SERVICES AND AMAZON.COM decide whether to allow the transaction to go through.

27.     Defendants AMAZON SERVICES AND AMAZON.COM prohibits third party sellers from contacting customers to collect payment or influence their purchasing decisions.

**The Role of Defendants AMAZON SERVICES, AMAZON.COM, AMAZON LOGISTICS AND GOLDNE STATE vis-à-vis the Purchase and Delivery of the Scooter**

28.     Defendants AMAZON SERVICES AND AMAZON.COM played a pivotal role in bringing the ELENKER Steerable Knee Walker with 10" Front Wheels to consumers, including Plaintiff.

29.     In and around March of 2023, Plaintiff was recovering from a broken right foot.

30. On March 4, 2023, Plaintiff's wife accessed the amazon.com website via the Internet to purchase a steerable knee scooter to assist Plaintiff with his mobility during his recovery.

31. At that time, amazon.com offered several knee scooters available for purchase including the ELENKER Steerable Knee Walker with 10" Front Wheels.

32. In order to purchase the Subject Knee Scooter, Plaintiff's wife was required to click on a photograph of the scooter and thereafter click "add" to place the knee scooter in her "cart." After moving the scooter into her cart, Plaintiff's wife clicked "Proceed to Checkout" where she was required to sign into an Amazon account and then click "Continue." The website provided that by continuing, Plaintiff's wife was agreeing to Amazon's "Conditions of Use" and "Privacy Notice." Thereafter, Plaintiff's wife was required to enter her Amazon password to complete the purchase using a credit card.

33. Defendants AMAZON SERVICES AND AMAZON.COM controlled every phase of the selection and purchase transaction through its website although the transaction detail indicated that the Subject Knee Scooter was "sold by ELENKER" who was represented to be a US based seller.

34. Upon completion of the purchase transaction, Defendants AMAZON SERVICES AND AMAZON.COM, through their agents and/or employees fulfilled and delivered the Order utilizing the services of Defendants, AMAZON LOGISTICS and GOLDEN STATE. "Fulfillment" refers to the process of preparing items for shipping to "fulfill" online orders.

35. First, the MANUFACTURER/SELLER Defendants utilized the services of Defendant AMAZON LOGISTICS to transport and import the Subject Knee Scooter from their facilities in China to the United States. Once the Subject Knee Scooter arrived in the United States, which the Plaintiff believes occurred through the Port Los Angles, the Subject Knee Scooter was

transported to a fulfillment center which the Plaintiff believes was owned and control by Defendant GOLDEN STATE. At that point, the Subject Knee Scooter would have remained at Defendant GOLDEN STATE's fulfillment center until it would have been transported through the FBA program to one of the other AMAZON DEFENDANTs facilities.

36.     After the Plaintiff's wife would have completed her purchase through amazon.com, the AMAZON Defendants' agents and/or employees selected the Subject Knee Scooter from the inventory stored at its warehouses/fulfillment centers, prepared the scooter for shipment in Amazon-branded packaging, and delivered the Subject Knee Scooter to Plaintiff's home in Miami-Dade County.

37.     After the purchase was completed, Defendants AMAZON SERVICES and AMAZON.COM paid a portion of the purchase payment to MANUFACTURER/SELLER Defendants.

### The Scooter Failure and Plaintiff's Injuries

38.     When Plaintiff received the subject Knee Scooter, he began using it for its intended purpose, to transport himself both inside and outside his home without weight bearing on his right foot.

39.     On March 28, 2023, Plaintiff was using the Subject Knee Scooter to transport himself from his vehicle to his home.  The Subject Knee Scooter was traveling on the driveway to the Plaintiff's home, when the weld attaching the front wheel assembly to the main horizontal frame of the knee scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the frame, causing Plaintiff to lose his balance and fall to the ground.

40.     As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and

nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**COUNT I**
**STRICT PRODUCT LIABILITY**
**(AMAZON SERVICES)**

41.     Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

42.     At all times material hereto, Defendant AMAZON SERVICES marketed, supplied, distributed and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the Subject Knee Scooter.

43.     At all times material hereto, Defendant AMAZON SERVICES:

(a)     Constructed and operated the amazon.com website;

(b)     Attracted potential buyers, including Plaintiff, to the amazon.com website;

(c)     Marketed, listed, and displayed the ELENKER Steerable Knee Scooter with 10" Front Wheels for sale on amazon.com;

(d)     Accepted possession of the Subject Knee Scooter from MANUFACTURER/SELLER Defendants;

(e)     Utilized the services of Defendant AMAZON LOGISTICS to transport the Subject Knee Scooter from China and import it into the United States;

(f)     Utilized the services of Defendant GOLDEN STATE to store the Subject Knee Scooter until it could be processed to another warehouse and/or fulfillment center owned and operated by Defendant AMAZON SERVICES;

(g)     Stored the Subject Knee Scooter in a warehouse that was owned, operated and/or controlled by it;

(h)     Issued an invoice for the purchase price of the Subject Knee Scooter;

10

(i)     Accepted Plaintiff's payment for the Subject Knee Scooter;

(j)     Retrieved the Subject Knee Scooter from its warehouse;

(k)     Prepared the Subject Knee Scooter for shipment in Amazon-branded packaging; and

(l)     Delivered the Subject Knee Scooter to Plaintiff's home.

44.     Defendant AMAZON SERVICES was an integral part of the chain of distribution of the Subject Knee Scooter having engaged in the overall producing and marketing enterprise of the ELENKER Steerable Knee Scooter with 10" Wheels and the Subject Knee Scooter and having acted as an intermediary between MANUFACTURER/SELLER Defendants and Plaintiff.

45.     When the Subject Knee Scooter left Defendant AMAZON SERVICES's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself with the knee of the impaired leg bent and resting on a cushion to alleviate weight bearing on the lower leg, ankle and foot while using the healthy leg to propel the scooter.  The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate to prevent the front wheel assembly from separating from the main horizontal frame during reasonably foreseeable use.

46.     Defendant AMAZON SERVICES knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

47.     The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

48.     Defendant AMAZON SERVICES knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendant AMAZON SERVICES to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product.  Defendant

AMAZON SERVICES failed to warn, or provided inadequate warnings, thereby causing the ELENKER Steerable Knee Scooters with 10" Front Wheels to be sold in a dangerous and unsafe condition to persons using it, including the sale of the Subject Knee Scooter to Plaintiff.

49. At time relevant to the claims herein, the Subject Knee Scooter was used in the manner in which it was intended to be used.  Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant AMAZON SERVICES.

50. As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the main horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to lose his balance and fall to the ground.

51. As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON SERVICES for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

**COUNT II**
**STRICT PRODUCT LIABILITY**
**(AMAZON.COM)**

52. Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

53. At all times material hereto, Defendant AMAZON.COM marketed, supplied, distributed and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the Subject Knee Scooter, through its website, amazon.com.

54. At all times material hereto, Defendant AMAZON.COM:

(a) Constructed and operated the amazon.com website;

(b) Attracted potential buyers, including Plaintiff, to the amazon.com website;

(c) Marketed, listed, and displayed the ELENKER Steerable Knee Scooter with 10" Front Wheels for sale on amazon.com;

(d) Accepted possession of the Subject Knee Scooter from MANUFACTURER/SELLER Defendants;

(e) Utilized the services of Defendant AMAZON LOGISTICS to transport the Subject Knee Scooter from China and import it into the United States;

(f) Utilized the services of Defendant GOLDEN STATE to store the Subject Knee Scooter until it could be processed to another warehouse and/or fulfillment center owned and operated by Defendant AMAZON SERVICES;

(g) Stored the Subject Knee Scooter in a warehouse that was owned, operated and/or controlled by it;

(h) Issued an invoice for the purchase price of the Subject Knee Scooter;

(i) Accepted Plaintiff's payment for the Subject Knee Scooter;

(j) Retrieved the Subject Knee Scooter from its warehouse;

(k) Prepared the Subject Knee Scooter for shipment in Amazon-branded packaging; and

(l) Delivered the Subject Knee Scooter to Plaintiff's home.

55.     Defendant AMAZON.COM was an integral part of the chain of distribution of the Subject Knee Scooter having engaged in the overall producing and marketing enterprise of the ELENKER Steerable Knee Scooter with 10" Wheels and the Subject Knee Scooter and having acted as an intermediary between MANUFACTURER/SELLER Defendants and Plaintiff.

56.     When the Subject Knee Scooter left Defendant AMAZON.COM's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself with the knee of the impaired leg bent and resting on a cushion to alleviate weight bearing on the lower leg, ankle and foot while using the healthy leg to propel the scooter.  The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate to prevent the front wheel assembly from separating from the main horizontal frame during reasonably foreseeable use.

57.     Defendant AMAZON.COM knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

58.     The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

59.     Defendant AMAZON.COM knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendant AMAZON.COM to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product.  Defendant AMAZON.COM failed to warn, or provided inadequate warnings, thereby causing the ELENKER Steerable Knee Scooters with 10" Front Wheels to be sold in a dangerous and unsafe condition to persons using it, including the sale of the Subject Knee Scooter to Plaintiff.

60.     At time relevant to the claims herein, the Subject Knee Scooter was used in the manner in which it was intended to be used.  Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant AMAZON.COM.

61.     As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the main horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to lose his balance and fall to the ground.

62.     As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON.COM for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

**COUNT III**
**STRICT PRODUCT LIABILITY**
**(AMAZON LOGISTICS)**

63.     Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

64.     At all times material hereto, Defendants AMAZON SERVICES and AMAZON.COM marketed, supplied, distributed and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the Subject Knee Scooter.

65.     At all times material hereto, Defendants AMAZON SERVICES and AMAZON.COM:

(a)     Constructed and operated the amazon.com website;

(b)     Attracted potential buyers, including Plaintiff, to the amazon.com website;

(c)     Marketed, listed, and displayed the ELENKER Steerable Knee Scooter with 10" Front Wheels for sale on amazon.com;

(d)     Accepted possession of the Subject Knee Scooter from MANUFACTURER/SELLER Defendants;

(e)     Utilized the services of Defendant AMAZON LOGISTICS to transport the Subject Knee Scooter from China and import it into the United States;

(f)     Utilized the services of Defendant GOLDEN STATE to store the Subject Knee Scooter until it could be processed to another warehouse and/or fulfillment center owned and operated by Defendant AMAZON SERVICES;

(g)     Stored the Subject Knee Scooter in a warehouse that was owned, operated and/or controlled by it;

(h)     Issued an invoice for the purchase price of the Subject Knee Scooter;

(i)     Accepted Plaintiff's payment for the Subject Knee Scooter;

(j)     Retrieved the Subject Knee Scooter from its warehouse;

(k)     Prepared the Subject Knee Scooter for shipment in Amazon-branded packaging; and

(l)     Delivered the Subject Knee Scooter to Plaintiff's home.

66.     Defendant AMAZON LOGISTICS was an integral part of the chain of distribution of the Subject Knee Scooter having transported and imported the ELENKER Steerable Knee

Scooter with 10" Wheels and the Subject Knee Scooter and having acted as an intermediary between MANUFACTURER/SELLER Defendants and Plaintiff.

67. When the Subject Knee Scooter left Defendant AMAZON LOGISTICS' control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself with the knee of the impaired leg bent and resting on a cushion to alleviate weight bearing on the lower leg, ankle and foot while using the healthy leg to propel the scooter. The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate to prevent the front wheel assembly from separating from the main horizontal frame during reasonably foreseeable use.

68. Defendant AMAZON LOGISTICS knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

69. The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

70. Defendant AMAZON LOGISTICS knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendants AMAZON SERVICES and AMAZON.COM to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product. The AMAZON Defendants failed to warn, or provided inadequate warnings, thereby causing the ELENKER Steerable Knee Scooters with 10" Front Wheels to be sold in a dangerous and unsafe condition to persons using it, including the sale of the Subject Knee Scooter to Plaintiff.

71. At time relevant to the claims herein, the Subject Knee Scooter was used in the manner in which it was intended to be used. Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant AMAZON LOGISTICS.

72.     As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the main horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to lose his balance and fall to the ground.

73.     As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON LOGISTICS for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

**COUNT IV**
**STRICT PRODUCT LIABILITY**
**(GOLDEN STATE)**

74.     Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

75.     At all times material hereto, Defendants AMAZON SERVICES and AMAZON.COM marketed, supplied, distributed and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the Subject Knee Scooter.

76.     At all times material hereto, Defendants AMAZON SERVICES and AMAZON.COM:

(a)     Constructed and operated the amazon.com website;

(b)     Attracted potential buyers, including Plaintiff, to the amazon.com website;

(c)     Marketed, listed, and displayed the ELENKER Steerable Knee Scooter with 10"

Front Wheels for sale on amazon.com;

(d)     Accepted     possession     of     the     Subject     Knee     Scooter     from

MANUFACTURER/SELLER Defendants;

(e)     Utilized the services of Defendant AMAZON LOGISTICS to transport the

Subject Knee Scooter from China and import it into the United States;

(f)     Utilized the services of Defendant GOLDEN STATE to store the Subject Knee

Scooter until it could be processed to another warehouse and/or fulfillment

center owned and operated by Defendant AMAZON SERVICES;

(g)     Stored the Subject Knee Scooter in a warehouse that was owned, operated and/or

controlled by it;

(h)     Issued an invoice for the purchase price of the Subject Knee Scooter;

(i)     Accepted Plaintiff's payment for the Subject Knee Scooter;

(j)     Retrieved the Subject Knee Scooter from its warehouse;

(k)     Prepared the Subject Knee Scooter for shipment in Amazon-branded packaging;

and

(l)     Delivered the Subject Knee Scooter to Plaintiff's home.

77.     Defendant GOLDEN STATE was an integral part of the chain of distribution of the

Subject Knee Scooter having transported and imported the ELENKER Steerable Knee Scooter

with 10" Wheels and the Subject Knee Scooter and having acted as an intermediary between

MANUFACTURER/SELLER Defendants and Plaintiff.

78.     When the Subject Knee Scooter left Defendant GOLDEN STATE's control, the

product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e.,

to hold a person steady and balanced while transporting himself with the knee of the impaired leg

bent and resting on a cushion to alleviate weight bearing on the lower leg, ankle and foot while using the healthy leg to propel the scooter. The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate to prevent the front wheel assembly from separating from the main horizontal frame during reasonably foreseeable use.

79.     Defendant GOLDEN STATE knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

80.     The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

81.     Defendant GOLDEN STATE knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendants AMAZON SERVICES and AMAZON.COM to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product. The AMAZON Defendants failed to warn, or provided inadequate warnings, thereby causing the ELENKER Steerable Knee Scooters with 10" Front Wheels to be sold in a dangerous and unsafe condition to persons using it, including the sale of the Subject Knee Scooter to Plaintiff.

82.     At time relevant to the claims herein, the Subject Knee Scooter was used in the manner in which it was intended to be used. Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant GOLDEN STATE.

83.     As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the main horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to lose his balance and fall to the ground.

84.     As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant GOLDEN STATE for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

## COUNT V
## STRICT PRODUCT LIABILITY
**(FUZHOU)**

85.     Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

86.     At all times material hereto, Defendant FUZHOU developed, designed, licensed, manufactured, distributed, supplied, marketed, and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff.

87.     When the Subject Knee Scooter left Defendant FUZHOU's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself with the knee of the impaired leg bent and resting on a cushion to alleviate weight bearing on the lower leg, ankle and foot while using the healthy leg to propel the scooter.  The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate to prevent the front wheel assembly from separating from the main horizontal frame during reasonably foreseeable use.

88.     Defendant FUZHOU knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

89. The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

90. Defendant FUZHOU knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on them to develop, design, license, manufacture, market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product. Defendant FUZHOU failed to warn, or provided inadequate warnings, thereby causing ELENKER Steerable Knee Scooters with 10" Front Wheels and the Subject Knee Scooter to be sold in a dangerous and unsafe condition to persons using it, including Mr. Dabdoub.

91. At time relevant to the claims herein, the Subject Knee Scooter was used in the manner in which it was intended to be used. Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant FUZHOU.

92. As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to lose his balance and fall to the ground.

93. As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant FUZHOU for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

**COUNT VI**
**STRICT PRODUCT LIABILITY**
**(ELENKERWALKER.COM)**

94.     Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

95.     At all times material hereto, Defendant ELENKERWALKER.COM developed, designed, licensed, manufactured, distributed, supplied, marketed, and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff.

96.     When the Subject Knee Scooter left Defendant ELENKERWALKER.COM's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself with the knee of the impaired leg bent and resting on a cushion to alleviate weight bearing on the lower leg, ankle and foot while using the healthy leg to propel the scooter.  The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate to prevent the front wheel assembly from separating from the main horizontal frame during reasonably foreseeable use.

97.     Defendant ELENKERWALKER.COM knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

98.     The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

99.     Defendant ELENKERWALKER.COM knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on them to develop, design, license, manufacture, market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product.

Defendant ELENKERWALKER.COM failed to warn, or provided inadequate warnings, thereby causing ELENKER Steerable Knee Scooters with 10" Front Wheels and the Subject Knee Scooter to be sold in a dangerous and unsafe condition to persons using it, including Plaintiff.

100.    At time relevant to the claims herein, the Subject Knee Scooter was used in the manner in which it was intended to be used.  Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant ELENKERWALKER.COM.

101.    As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to lose his balance and fall to the ground.

102.    As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant ELENKERWALKER.COM for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

## COUNT VII
## BREACH OF IMPLIED WARRANTY
### (AMAZON SERVICES)

103.    Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

104.    At all times material hereto, Defendant AMAZON SERVICES marketed, supplied, distributed and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public as a crutch alternative for foot injuries including the Subject Knee Scooter sold to Plaintiff.

105.    On March 4, 2023, Plaintiff's wife accessed the amazon.com website via the Internet to purchase a steerable knee scooter to assist Plaintiff with his mobility when he found himself unable to weight bear on his broken right foot.

106.    After viewing the choices available at Amazon.com, Plaintiff's wife selected the ELENKER Steerable Knee Walker with 10" Front Wheels as it was marketed as a medical device which would assist Plaintiff with his mobility while recovering from his foot injury.

107.    At all times material hereto, Defendant AMAZON SERVICES:

(a)    Constructed and operated the amazon.com website;

(b)    Attracted potential buyers, including Plaintiff, to the amazon.com website;

(c)    Marketed, listed, and displayed the ELENKER Steerable Knee Scooter with 10" Front Wheels for sale on amazon.com;

(d)    Accepted possession of the Subject Knee Scooter from MANUFACTURER/SELLER Defendants;

(e)    Utilized the services of Defendant AMAZON LOGISTICS to transport the Subject Knee Scooter from China and import it into the United States;

(f)    Utilized the services of Defendant GOLDEN STATE to store the Subject Knee Scooter until it could be processed to another warehouse and/or fulfillment center owned and operated by Defendant AMAZON SERVICES;

(g)    Stored the Subject Knee Scooter in a warehouse that was owned, operated and/or controlled by it;

(h)    Issued an invoice for the purchase price of the Subject Knee Scooter;

(i)     Accepted Plaintiff's payment for the Subject Knee Scooter;

(j)     Retrieved the Subject Knee Scooter from its warehouse;

(k)     Prepared the Subject Knee Scooter for shipment in Amazon-branded packaging; and

(l)     Delivered the Subject Knee Scooter to Plaintiff's home.

108.   When the Subject Knee Scooter left Defendant AMAZON SERVICES's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself while alleviating weight bearing on the injured foot.  The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate causing the front wheel assembly to separate from the main horizontal frame during reasonably foreseeable use.

109.   Defendant AMAZON SERVICES knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

110.   The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

111.   Defendant AMAZON SERVICES knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendant AMAZON SERVICES to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product.

112.   At all times material hereto, the Subject Knee Scooter was used in the manner in which it was intended to be used.  Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant AMAZON SERVICES.

113.   At all times material hereto, Defendant AMAZON SERVICES was on notice of the defective products being provided by the MANUFACTURER/SELLER Defendants.

114.    Despite this knowledge, Defendant AMAZON SERVICES sold the Subject Knee Scooter in a defective condition to the Plaintiff's wife through a contract for the sale of goods using amazon.com, wherein the Plaintiff was a foreseeable user.

115.    As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing Plaintiff to lose his balance and fall to the ground.

116.    As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

117.    As such, Defendant AMAZON SERVICES breached its implied warranty to the Plaintiff.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON SERVICES for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

**COUNT VIII**
**BREACH OF IMPLIED WARRANTY**
**(AMAZON.COM)**

118.    Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

27

119. At all times material hereto, Defendant AMAZON.COM marketed, supplied, distributed and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public as a crutch alternative for foot injuries including the Subject Knee Scooter sold to Plaintiff.

120. On March 4, 2023, Plaintiff's wife accessed the amazon.com website via the Internet to purchase a steerable knee scooter to assist Plaintiff with his mobility when he found himself unable to weight bear on his broken right foot.

121. After viewing the choices available at amazon.com, Plaintiff's wife selected the ELENKER Steerable Knee Walker with 10" Front Wheels as it was marketed as a medical device which would assist Plaintiff with his mobility while recovering from his foot injury.

122. At all times material hereto, Defendant AMAZON.COM:

(a) Constructed and operated the amazon.com website;

(b) Attracted potential buyers, including Plaintiff, to the amazon.com website;

(c) Marketed, listed, and displayed the ELENKER Steerable Knee Scooter with 10" Front Wheels for sale on amazon.com;

(d) Accepted possession of the Subject Knee Scooter from MANUFACTURER/SELLER Defendants;

(e) Utilized the services of Defendant AMAZON LOGISTICS to transport the Subject Knee Scooter from China and import it into the United States;

(f) Utilized the services of Defendant GOLDEN STATE to store the Subject Knee Scooter until it could be processed to another warehouse and/or fulfillment center owned and operated by Defendant AMAZON SERVICES;

(g) Stored the Subject Knee Scooter in a warehouse that was owned, operated and/or controlled by it;

(h) Issued an invoice for the purchase price of the Subject Knee Scooter;

(i)    Accepted Plaintiff's payment for the Subject Knee Scooter;

(j)    Retrieved the Subject Knee Scooter from its warehouse;

(k)    Prepared the Subject Knee Scooter for shipment in Amazon-branded packaging; and

(l)    Delivered the Subject Knee Scooter to Plaintiff's home.

123.    When the Subject Knee Scooter left Defendant AMAZON.COM's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself while alleviating weight bearing on the injured foot.  The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate causing the front wheel assembly to separate from the main horizontal frame during reasonably foreseeable use.

124.    Defendant AMAZON.COM knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

125.    The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

126.    Defendant AMAZON.COM knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendant AMAZON.COM to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product.

127.    At all times material hereto, the Subject Knee Scooter was used in the manner in which it was intended to be used.  Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to Defendant AMAZON.COM.

128.    At all times material hereto, Defendant AMAZON.COM was on notice of the defective products being provided by the MANUFACTURER/SELLER Defendants.

129.    Despite this knowledge, Defendant AMAZON.COM sold the Subject Knee Scooter in a defective condition to the Plaintiff's wife through a contract for the sale of goods using amazon.com, wherein the Plaintiff was a foreseeable user.

130.    As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing Plaintiff to lose his balance and fall to the ground.

131.    As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

132.    As such, Defendant AMAZON.COM breached its implied warranty to the Plaintiff.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON.COM for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

**COUNT IX**
**BREACH OF IMPLIED WARRANTY**
**(FUZHOU)**

133.    Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

134.    At all times material hereto, Defendant FUZHOU developed, designed, licensed, manufactured, distributed, supplied, marketed, and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including the Subject Knee Scooter sold to Plaintiff.

135.    On March 4, 2023, Plaintiff's wife accessed the amazon.com website via the Internet to purchase a steerable knee scooter to assist Plaintiff with his mobility when he found himself unable to weight bear on his broken right foot.

136.    After viewing the choices available at amazon.com, Plaintiff's wife selected the ELENKER Steerable Knee Walker with 10" Front Wheels as it was marketed as a medical device which would assist him with his mobility while recovering from his foot injury.

137.    When the Subject Knee Scooter left Defendant FUZHOU's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself while alleviating weight bearing on the injured foot.   The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate causing the front wheel assembly to separate from the main horizontal frame during reasonably foreseeable use.

138.    Defendant FUZHOU knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

139.    The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

140.    Defendant FUZHOU knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendant FUZHOU to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product.

141.    At all times material hereto, the Subject Knee Scooter was used in the manner in which it was intended to be used.  Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to the Defendant FUZHOU.

142. At all times material hereto, Defendant FUZHOU was on notice of the defective products being provided by Defendant FUZHOU through amazon.com.

143. Despite this knowledge, Defendant FUZHOU sold the Subject Knee Scooter in a defective condition to the Plaintiff's wife through a contract for the sale of goods using amazon.com, wherein the Plaintiff was a foreseeable user.

144. As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing Plaintiff to lose his balance and fall to the ground.

145. As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

146. As such, Defendant FUZHOU breached its implied warranty to the Plaintiff.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant FUZHOU for the damages as set forth herein, as well as costs of suit. Plaintiff further demands a jury trial on all issues so triable.

## COUNT X
## BREACH OF IMPLIED WARRANTY
### (ELENKERWALKER.COM)

147. Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

148. At all times material hereto, Defendant ELENKERWALKER.COM developed, designed, licensed, manufactured, distributed, supplied, marketed, and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including the Subject Knee Scooter sold to Plaintiff.

149. On March 4, 2023, Plaintiff's wife accessed the amazon.com website via the Internet to purchase a steerable knee scooter to assist Plaintiff with his mobility when he found himself unable to weight bear on his broken right foot.

150. After viewing the choices available at amazon.com, Plaintiff's wife selected the ELENKER Steerable Knee Walker with 10" Front Wheels as it was marketed as a medical device which would assist him with his mobility while recovering from his foot injury.

151. When the Subject Knee Scooter left Defendant ELENKERWALKER.COM's control, the product was defective, unsafe, dangerous, and unsuitable for its reasonably foreseeable use, i.e., to hold a person steady and balanced while transporting himself while alleviating weight bearing on the injured foot. The weld attaching the front wheel assembly to the main horizontal frame was substandard and inadequate causing the front wheel assembly to separate from the main horizontal frame during reasonably foreseeable use.

152. Defendant ELENKERWALKER.COM knew the Subject Knee Scooter would be purchased and used by the general public, including Plaintiff, without inspection for defects.

153. The Subject Knee Scooter was unsafe, dangerous, and defective in its design and manufacture and, therefore, was not fit for its intended purpose.

154. Defendant ELENKERWALKER.COM knew and intended that the ELENKER Steerable Knee Scooter with 10" Front Wheels would be purchased and used by members of the general public who would rely on Defendant ELENKERWALKER.COM to market, supply, distribute and sell a safe product and to transmit any relevant warnings about the product.

155. At all times material hereto, the Subject Knee Scooter was used in the manner in which it was intended to be used. Any misuse, if any, of the Subject Knee Scooter occurred in a manner that was reasonably foreseeable to the Defendant ELENKERWALKER.COM.

156. At all times material hereto, Defendant ELENKERWALKER.COM was on notice of the defective products being provided by Defendant ELENKERWALKER.COM through amazon.com.

157. Despite this knowledge, Defendant ELENKERWALKER.COM sold the Subject Knee Scooter in a defective condition to the Plaintiff's wife through a contract for the sale of goods using amazon.com, wherein the Plaintiff was a foreseeable user.

158. As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing Plaintiff to lose his balance and fall to the ground.

159. As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

160. As such, Defendant ELENKERWALKER.COM breached its implied warranty to the Plaintiff.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant ELENKERWALKER.COM for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

### COUNT XI
### NEGLIGENCE
### (AMAZON SERVICES)

161.    Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

162.    At all times material hereto, Defendant AMAZON SERVICES marketed, supplied, distributed and/or sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the sale of the Subject Knee Scooter.

163.    At all times material hereto, Defendant AMAZON SERVICES owed a duty to the general public, including Plaintiff, to use reasonable care when marketing, supplying, distributing, and selling ELENKER Steerable Knee Scooters with 10" Front Wheels and the Subject Knee Scooter so that others would not be exposed to the foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter.

164.    At all times material hereto, Defendant AMAZON SERVICES owed a duty to the general public, including Plaintiff, to properly inspect and test the ELENKER Steerable Knee Scooter with 10" Front Wheels and the Subject Knee Scooter and to use reasonable care to protect consumers, including Plaintiff, from a dangerous, unsafe, and defective knee scooter.

165.    At all times material hereto, Defendant AMAZON SERVICES owed a duty to the general public, including Plaintiff, to not market, sell, package, label or distribute products that were dangerous, unsafe, and defective.

166.    At all times material hereto, Defendant AMAZON SERVICES also owed a duty to the general public, including Plaintiff, to warn of the dangerous propensities of the ELENKER Steerable Knee Scooter with 10" Front Wheels including the Subject Knee Scooter.

167.   At all times material hereto, Defendant AMAZON SERVICES knew, or in the exercise of reasonable care should have known, that the Subject Knee Scooter was in a condition that it would cause injury to users unless the Subject Knee Scooter was safely and properly designed, manufactured, tested, inspected, packaged, labeled, distributed, marketed, prepared, and sold.

168.   Defendant AMAZON SERVICES breached its duty and negligently distributed, marketed and sold the Subject Knee Scooter.  The Subject Knee Scooter, as sold to Plaintiff, was dangerous, unsafe, defective, and posed a foreseeable risk of harm.

169.   Defendant AMAZON SERVICES breached its duty and negligently inspected, tested, packaged, labeled, distributed, marketed, prepared, and sold the Subject Knee Scooter. Defendant AMAZON SERVICES failed to use reasonable care to protect consumers, including Plaintiff, against injuries caused by the defective Subject Knee Scooter.

170.   Defendant AMAZON SERVICES failed to warn of the dangerous propensities of the Subject Knee Scooter.

171.   As a result of Defendant AMAZON SERVICES' breaches of its duties, the Subject Knee Scooter was dangerous and unsafe for the use and purpose for which it was intended.

172.   Defendant AMAZON SERVICES knew, or through the use of ordinary care and reasonable diligence should have discovered, that the Subject Knee Scooter was dangerous and unsafe for its intended use.  Notwithstanding, Defendant AMAZON SERVICES failed to warn Plaintiff of the dangerous and unsafe attributes of the Subject Knee Scooter.  As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to fall to the ground.

173. As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON SERVICES for the damages as set forth herein, as well as costs of suit. Plaintiff further demands a jury trial on all issues so triable.

## COUNT XII
## NEGLIGENCE
## (AMAZON.COM)

174. Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

175. At all times material hereto, Defendant AMAZON.COM marketed, supplied, distributed and/or sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the sale of the Subject Knee Scooter.

176. At all times material hereto, Defendant AMAZON.COM owed a duty to the general public, including Plaintiff, to use reasonable care when marketing, supplying, distributing, and selling ELENKER Steerable Knee Scooters with 10" Front Wheels and the Subject Knee Scooter so that others would not be exposed to the foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter.

177. At all times material hereto, Defendant AMAZON.COM owed a duty to the general public, including Plaintiff, to properly inspect and test the ELENKER Steerable Knee Scooter with 10" Front Wheels and the Subject Knee Scooter and to use reasonable care to protect consumers, including Plaintiff, from a dangerous, unsafe, and defective knee scooter.

178.   At all times material hereto, Defendant AMAZON.COM owed a duty to the general public, including Plaintiff, to not market, sell, package, label or distribute products that were dangerous, unsafe, and defective.

179.   At all times material hereto, Defendant AMAZON.COM also owed a duty to the general public, including Plaintiff, to warn of the dangerous propensities of the ELENKER Steerable Knee Scooter with 10" Front Wheels including the Subject Knee Scooter.

180.   At all times material hereto, Defendant AMAZON.COM knew, or in the exercise of reasonable care should have known, that the Subject Knee Scooter was in a condition that it would cause injury to users unless the Subject Knee Scooter was safely and properly designed, manufactured, tested, inspected, packaged, labeled, distributed, marketed, prepared, and sold.

181.   Defendant AMAZON.COM breached its duty and negligently distributed, marketed and sold the Subject Knee Scooter.  The Subject Knee Scooter, as sold to Plaintiff, was dangerous, unsafe, defective, and posed a foreseeable risk of harm.

182.   Defendant AMAZON.COM breached its duty and negligently inspected, tested, packaged, labeled, distributed, marketed, prepared, and sold the Subject Knee Scooter.  Defendant AMAZON.COM failed to use reasonable care to protect consumers, including Plaintiff, against injuries caused by the defective Subject Knee Scooter.

183.   Defendant AMAZON.COM failed to warn of the dangerous propensities of the Subject Knee Scooter.

184.   As a result of Defendant AMAZON.COM's breaches of its duties, the Subject Knee Scooter was dangerous and unsafe for the use and purpose for which it was intended.

185.   Defendant AMAZON.COM knew, or through the use of ordinary care and reasonable diligence should have discovered, that the Subject Knee Scooter was dangerous and unsafe for its intended use.  Notwithstanding, Defendant AMAZON.COM failed to warn Plaintiff

of the dangerous and unsafe attributes of the Subject Knee Scooter. As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to fall to the ground.

186. As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON.COM for the damages as set forth herein, as well as costs of suit. Plaintiff further demands a jury trial on all issues so triable.

## COUNT XIII
## NEGLIGENCE
## (AMAZON LOGISTICS)

187. Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

188. At all times material hereto, Defendant AMAZON LOGISTICS supplied, distributed, transported, imported, and/or stored ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the sale of the Subject Knee Scooter.

189. At all times material hereto, Defendant AMAZON LOGISTICS owed a duty to the general public, including Plaintiff, to use reasonable care when supplying, distributing, transporting, importing, and/or storing ELENKER Steerable Knee Scooters with 10" Front Wheels

and the Subject Knee Scooter so that others would not be exposed to the foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter.

190. At all times material hereto, Defendant AMAZON LOGISTICS owed a duty to the general public, including Plaintiff, to properly inspect and test the ELENKER Steerable Knee Scooter with 10" Front Wheels and the Subject Knee Scooter and to use reasonable care to protect consumers, including Plaintiff, from a dangerous, unsafe, and defective knee scooter.

191. At all times material hereto, Defendant AMAZON LOGISTICS owed a duty to the general public, including Plaintiff, to not supply, distribute, transport, import, and/or store products that were dangerous, unsafe, and defective.

192. At all times material hereto, Defendant AMAZON LOGISTICS also owed a duty to the general public, including Plaintiff, to warn of the dangerous propensities of the ELENKER Steerable Knee Scooter with 10" Front Wheels including the Subject Knee Scooter.

193. At all times material hereto, Defendant AMAZON LOGISTICS knew, or in the exercise of reasonable care should have known, that the Subject Knee Scooter was in a condition that it would cause injury to users unless the Subject Knee Scooter was safely and properly designed, manufactured, tested, inspected, packaged, labeled, distributed, marketed, prepared, sold, transported, imported and stored.

194. Defendant AMAZON LOGISTICS breached its duty and negligently distributed, transported, imported and/or stored the Subject Knee Scooter.  The Subject Knee Scooter, as sold to Plaintiff, was dangerous, unsafe, defective, and posed a foreseeable risk of harm.

195. Defendant AMAZON LOGISTICS breached its duty and negligently inspected, tested, packaged, labeled, distributed, transported, imported, prepared, and stored the Subject Knee Scooter.  Defendant AMAZON LOGISTICS failed to use reasonable care to protect consumers, including Plaintiff, against injuries caused by the defective Subject Knee Scooter.

196.    Defendant AMAZON LOGISTICS failed to warn of the dangerous propensities of the Subject Knee Scooter.

197.    As a result of Defendant AMAZON LOGISTICS's breaches of its duties, the Subject Knee Scooter was dangerous and unsafe for the use and purpose for which it was intended.

198.    Defendant AMAZON LOGISTICS knew, or through the use of ordinary care and reasonable diligence should have discovered, that the Subject Knee Scooter was dangerous and unsafe for its intended use.  Notwithstanding, Defendant AMAZON LOGISTICS failed to warn Plaintiff of the dangerous and unsafe attributes of the Subject Knee Scooter.  As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to fall to the ground.

199.    As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an aggravation of a preexisting condition.  These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant AMAZON LOGISTICS for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

## COUNT XIV
## NEGLIGENCE
### (GOLDEN STATE)

200.    Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

201.    At all times material hereto, Defendant GOLDEN STATE supplied, distributed, transported, and/or stored ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff, and including the sale of the Subject Knee Scooter.

202.    At all times material hereto, Defendant GOLDEN STATE owed a duty to the general public, including Plaintiff, to use reasonable care when supplying, distributing, transporting, and/or storing ELENKER Steerable Knee Scooters with 10" Front Wheels and the Subject Knee Scooter so that others would not be exposed to the foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter.

203.    At all times material hereto, Defendant GOLDEN STATE owed a duty to the general public, including Plaintiff, to properly inspect and test the ELENKER Steerable Knee Scooter with 10" Front Wheels and the Subject Knee Scooter and to use reasonable care to protect consumers, including Plaintiff, from a dangerous, unsafe, and defective knee scooter.

204.    At all times material hereto, Defendant GOLDEN STATE owed a duty to the general public, including Plaintiff, to not supply, distribute, transport, and/or store products that were dangerous, unsafe, and defective.

205.    At all times material hereto, Defendant GOLDEN STATE also owed a duty to the general public, including Plaintiff, to warn of the dangerous propensities of the ELENKER Steerable Knee Scooter with 10" Front Wheels including the Subject Knee Scooter.

206.     At all times material hereto, Defendant GOLDEN STATE knew, or in the exercise of reasonable care should have known, that the Subject Knee Scooter was in a condition that it would cause injury to users unless the Subject Knee Scooter was safely and properly designed, manufactured, tested, inspected, packaged, labeled, distributed, marketed, prepared, sold, transported, imported and stored.

207.     Defendant GOLDEN STATE breached its duty and negligently distributed, transported, and/or stored the Subject Knee Scooter.  The Subject Knee Scooter, as sold to Plaintiff, was dangerous, unsafe, defective, and posed a foreseeable risk of harm.

208.     Defendant GOLDEN STATE breached its duty and negligently inspected, tested, packaged, labeled, distributed, transported, prepared, and stored the Subject Knee Scooter. Defendant GOLDEN STATE failed to use reasonable care to protect consumers, including Plaintiff, against injuries caused by the defective Subject Knee Scooter.

209.     Defendant GOLDEN STATE failed to warn of the dangerous propensities of the Subject Knee Scooter.

210.     As a result of Defendant GOLDEN STATE's breaches of its duties, the Subject Knee Scooter was dangerous and unsafe for the use and purpose for which it was intended.

211.      Defendant GOLDEN STATE knew, or through the use of ordinary care and reasonable diligence should have discovered, that the Subject Knee Scooter was dangerous and unsafe for its intended use.  Notwithstanding, Defendant GOLDEN STATE failed to warn Plaintiff of the dangerous and unsafe attributes of the Subject Knee Scooter.  As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame of the scooter failed suddenly and unexpectedly and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing him to fall to the ground.

212.     As a direct and approximate result of the defects in the Subject Knee Scooter, Plaintiff suffered bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the capacity to earn money, scarring and an

43

aggravation of a preexisting condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant GOLDEN STATE for the damages as set forth herein, as well as costs of suit. Plaintiff further demands a jury trial on all issues so triable.

## COUNT XV
## NEGLIGENCE
## (FUZHOU)

213. Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

214. At all times material hereto, Defendant FUZHOU developed, designed, licensed, manufactured, distributed, supplied, marketed, and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff.

215. At all times material hereto, Defendant FUZHOU owed a duty to the general public, including Plaintiff, to use reasonable care when developing, designing, licensing, manufacturing, distributing, supplying, marketing, and selling ELENKER Steerable Knee Scooters with 10" Front Wheels and the Subject Knee Scooter so that others would not be exposed to the foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter.

216. At all times material hereto, Defendant FUZHOU owed a duty to the general public, including Plaintiff, to properly inspect and test the ELENKER Steerable Knee Scooter with 10" Front Wheels and the Subject Knee Scooter and to use reasonable care to protect consumers, including Plaintiff, from a dangerous, unsafe, and defective knee scooter.

217. At all times material hereto, Defendant FUZHOU owed a duty to the general public, including Plaintiff, to not develop, design, license, manufacture, distribute, supply, market, or sell products that were dangerous, unsafe, and defective.

44

218.    At all times material hereto, Defendant FUZHOU also owed a duty to the general public, including Plaintiff, to warn of the dangerous propensities of the ELENKER Steerable Knee Scooter with 10" Front Wheels including the Subject Knee Scooter.

219.    At all times material hereto, Defendant FUZHOU knew, or in the exercise of reasonable care should have known, that the Subject Knee Scooter was in a condition that it would cause injury to users unless the Subject Knee Scooter was safely and properly designed, manufactured, licensed, tested, inspected, packaged, labeled, distributed, marketed, prepared, supplied, and sold.

220.    Defendant FUZHOU breached its duty and negligently designed, manufactured, licensed, tested, inspected, packaged, labeled, distributed, marketed, prepared, supplied, and sold the Subject Knee Scooter.  The Subject Knee Scooter, as sold to Plaintiff, was dangerous, unsafe, defective, and posed a foreseeable risk of harm.

221.    Defendant FUZHOU breached its duty and negligently designed, manufactured, licensed, tested, inspected, packaged, labeled, distributed, marketed, prepared, supplied and sold the Subject Knee Scooter.  Defendant FUZHOU failed to use reasonable care to protect consumers, including Plaintiff, against injuries caused by the defective Subject Knee Scooter.

222.    Defendant FUZHOU failed to warn of the dangerous propensities of the Subject Knee Scooter.

223.    As a result of Defendant FUZHOU's breaches of its duties, the Subject Knee Scooter was dangerous and unsafe for the use and purpose for which it was intended.

224.    Defendant FUZHOU knew, or through the use of ordinary care and reasonable diligence should have discovered, that the Subject Knee Scooter was dangerous and unsafe for its intended use.  Notwithstanding, Defendant FUZHOU failed to warn Plaintiff of the dangerous and unsafe attributes of the Subject Knee Scooter.  As a direct and proximate result of the defective

and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame of the scooter failed suddenly and unexpected and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing Plaintiff to fall to the ground.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant FUZHOU for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

## COUNT XVI
## NEGLIGENCE
## (ELENKERWALKER.COM)

225.    Plaintiff re-alleges paragraphs 1-40 hereinabove as though fully set forth.

226.    At all times material hereto, Defendant ELENKERWALKER.COM developed, designed, licensed, manufactured, distributed, supplied, marketed, and sold ELENKER Steerable Knee Scooters with 10" Front Wheels to the public, including Plaintiff.

227.    At all times material hereto, Defendant ELENKERWALKER.COM owed a duty to the general public, including Plaintiff, to use reasonable care when developing, designing, licensing, manufacturing, distributing, supplying, marketing, and selling ELENKER Steerable Knee Scooters with 10" Front Wheels and the Subject Knee Scooter so that others would not be exposed to the foreseeable risk of harm from a dangerous, unsafe, and defective knee scooter.

228.    At all times material hereto, Defendant ELENKERWALKER.COM owed a duty to the general public, including Plaintiff, to properly inspect and test the ELENKER Steerable Knee Scooter with 10" Front Wheels and the Subject Knee Scooter and to use reasonable care to protect consumers, including Plaintiff, from a dangerous, unsafe, and defective knee scooter.

46

229. At all times material hereto, Defendant ELENKERWALKER.COM owed a duty to the general public, including Plaintiff, to not develop, design, license, manufacture, distribute, supply, market, or sell products that were dangerous, unsafe, and defective.

230. At all times material hereto, Defendant ELENKERWALKER.COM also owed a duty to the general public, including Plaintiff, to warn of the dangerous propensities of the ELENKER Steerable Knee Scooter with 10" Front Wheels including the Subject Knee Scooter.

231. At all times material hereto, Defendant ELENKERWALKER.COM knew, or in the exercise of reasonable care should have known, that the Subject Knee Scooter was in a condition that it would cause injury to users unless the Subject Knee Scooter was safely and properly designed, manufactured, licensed, tested, inspected, packaged, labeled, distributed, marketed, prepared, supplied, and sold.

232. Defendant ELENKERWALKER.COM breached its duty and negligently designed, manufactured, licensed, tested, inspected, packaged, labeled, distributed, marketed, prepared, supplied, and sold the Subject Knee Scooter. The Subject Knee Scooter, as sold to Plaintiff, was dangerous, unsafe, defective, and posed a foreseeable risk of harm.

233. Defendant ELENKERWALKER.COM breached its duty and negligently designed, manufactured, licensed, tested, inspected, packaged, labeled, distributed, marketed, prepared, supplied and sold the Subject Knee Scooter. Defendant ELENKERWALKER.COM failed to use reasonable care to protect consumers, including Plaintiff, against injuries caused by the defective Subject Knee Scooter.

234. Defendant ELENKERWALKER.COM failed to warn of the dangerous propensities of the Subject Knee Scooter.

235. As a result of Defendant ELENKERWALKER.COM's breaches of its duties, the Subject Knee Scooter was dangerous and unsafe for the use and purpose for which it was intended.

236.     Defendant ELENKERWALKER.COM knew, or through the use of ordinary care and reasonable diligence should have discovered, that the Subject Knee Scooter was dangerous and unsafe for its intended use.  Notwithstanding, Defendant ELENKERWALKER.COM failed to warn Plaintiff of the dangerous and unsafe attributes of the Subject Knee Scooter.  As a direct and proximate result of the defective and unsafe aspects of the Subject Knee Scooter, Plaintiff was injured when the weld attaching the front wheel assembly to the horizontal frame of the scooter failed suddenly and unexpected and the front wheel assembly abruptly separated from the horizontal frame of the scooter causing Plaintiff to fall to the ground.

WHEREFORE, Plaintiff, MATTHEW DABDOUB, demands judgment against Defendant ELENKERWALKER.COM for the damages as set forth herein, as well as costs of suit.  Plaintiff further demands a jury trial on all issues so triable.

## JURY TRIAL DEMANDED

Plaintiff seeks a jury trial on all issues so triable.


Dated this ___26th___ day of March, 2025.


                                        /s/ *Christopher J. Donegan*
                                        Stephen A. Barnes, 005177
                                        Christopher J. Donegan, 100703
                                        BARNES TRIAL GROUP
                                        1104 N Howard Avenue
                                        Tampa, FL 33607
                                        Telephone: (813) 251-0777
                                        Facsimile: (813) 254-1829
                                        btgservice@barnestrialgroup.com
                                        Attorneys for Plaintiff